UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-489-RJC

| RONNIE MUNGO BEY, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| CHIP BAILEY, Sheriff of Mecklenburg County, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-5).

**I.  BACKGROUND**

Pro se plaintiff Ronnie Mungo Bey, a state court inmate currently incarcerated at Brown Correctional Institution in Polkton, North Carolina, filed this action on September 29, 2011, pursuant to 42 U.S.C. § 1983.  Plaintiff's action arises out of an incident that occurred while he was a pre-trial detainee at the Mecklenburg County Jail.  In his Complaint, Plaintiff names as Defendants Mecklenburg County Sheriff Chip Bailey; jail nurses Ellen Gravitt and "Jane Doe;" Mecklenburg County building inspector "John Doe;" "Unknown Concrete Structure;" jail operational sergeant "John Doe 2;" "S. Hyde;" and jail administrator Major "FNU Peagon." (Doc. No. 1 at 2).

Plaintiff alleges that on August 31, 2009, he was injured when he slipped and fell on the jail's kitchen floor.  (Id. at 3).  Plaintiff alleges that Defendant Nurse Jane Doe and Sergeant John

1

Doe refused Plaintiff's request to call an ambulance because Nurse Jane Doe stated that she needed to examine Plaintiff first. (Id.). Officers put Plaintiff in a wheelchair and took him to the examination room, where nurse Jane Doe examined him. (Id. at 4). Nurse Jane Doe gave Plaintiff pain reliever but refused Plaintiff's request to go to the hospital to see a doctor. (Id.). Plaintiff states that he continued to be in pain from his injury. Plaintiff alleges that on the day he was injured he "kept seeking medical treatment for pain and requested x-rays, but was continually denied." (Id.).

Plaintiff did not go to work the next day because he was still in pain. (Id.). Plaintiff filled out numerous requests to Nurse Gravitt to see the doctor for the pain and injury to his back and neck. Plaintiff states that he was finally allowed to have his back x-rayed on September 5, 2009, but that he was not seen by a doctor until November 23, 2009, and that pain medication was prescribed to him for his back pain at that time. (Id. at 4-5). Plaintiff alleges that his neck and back are still being treated for pain from the fall. Plaintiff also alleges that after his slip and fall the kitchen floor was refinished with a rough, non-slip finish. (Id. at 5). Plaintiff alleges that the floor originally had a rough, non-slip finish, but that two weeks before Plaintiff fell, the floor was given a very smooth, concrete finish. Plaintiff alleges that "[n]umerous complaints were made because of the smooth finish to the kitchen floor, but nothing was done." (Id. at 7).

Based on the above factual allegations, Plaintiff purports to bring a claim against Defendants for negligence for failure to keep the kitchen floor in a "safe working condition." (Id. at 6). Plaintiff also purports to bring a claim for deliberate inference to serious medical needs, contending that he "was denied medical care, from seeing a doctor and getting x-rays, and from receiving emergency care on the day he fell." (Id.).

## II. STANDARD OF REVIEW

The Court first notes that, as to Plaintiff's application to proceed in forma pauperis, on October 3, 2011, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 4). Plaintiff's application to proceed in forma pauperis is granted.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Plaintiff's Negligence Claim

The Court first finds that Plaintiff's claim for negligence against the prison fails. It is well-settled that negligence is not actionable in a § 1983 action. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Whitley v. Albers, 475 U.S. 312, 319 (1986); Pink v. Lester, 52 F.3d 73,

3

78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct . . . ."). Furthermore, courts have repeatedly held that slip and fall cases do not implicate the Constitution. See Bacon v. Carroll, 232 F. App'x 158, 160 (3d Cir. 2007) (holding that a prisoner's assertion that prison officials failed to warn him of a wet floor stated a claim of mere negligence and was not a constitutional violation); Reynolds v. Powell, 370 F.3d 1028, 1031-32 (10th Cir. 2004) (holding that slippery conditions arising from standing water in a prison shower did not pose a substantial risk of serious harm, even where the inmate was on crutches and had warned prison employees that he was at a heightened risk of falling); Beasley v. Anderson, 67 F. App'x 242 (5th Cir. 2003) (holding a prisoner's claim that he slipped and fell on a slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); Wynn v. Ankoh, No. 1:04cv37, 2006 WL 2583370 (M.D. Ga. Sept. 6, 2006) (collecting cases where the prisoner slipped and fell on a slick prison floor); Samuel v. Nolland, No. 2:11cv3417, 2013 WL 360263, at *3 (D.S.C. Jan. 9, 2013) ("A slippery floor also does not amount to punishment in the constitutional sense."). Here, Plaintiff's allegations give rise to, at the most, a claim of mere negligence; indeed, he does not even purport to allege a federal constitutional violation. In sum, Plaintiff's negligence claim is dismissed.

    B.    Plaintiff's Claim for Deliberate Indifference to Serious Medical Needs

Next, Plaintiff's claim for deliberate indifference to serious medical needs will also be dismissed. A claim under § 1983 based on an alleged lack of or inappropriate medical treatment falls within the Eighth Amendment's prohibition against cruel and unusual punishment.[1] Estelle

---

[1] Although claims by pre-trial detainees of deliberate indifference to serious medical needs are analyzed under the due process clause of the Fourteenth Amendment, the analysis used is the same as that used for Eighth Amendment claims. See Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992).

4

v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir.2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

Here, by Plaintiff's own allegations, Defendants were not deliberately indifferent to Plaintiff's serious medical needs, i.e., the injuries from his slip and fall. Rather, Plaintiff's own allegations show that nurses and doctors at the jail did, in fact, treat Plaintiff for his injuries, by initially examining his injuries and giving him over-the-counter pain relievers and taking x-rays of his injuries, and then later by giving him prescription pain relievers. Although the prison did not take x-rays or provide Plaintiff with a doctor's examination as soon as Plaintiff would have preferred, the purported delay does not rise to the level of an Eighth Amendment violation based

on deliberate indifference to serious medical needs. Plaintiff's own allegations show that he was under a nurse's care immediately after his slip and fall, he was given pain relievers to alleviate his pain after his fall, and Plaintiff did eventually receive x-rays, a doctor's examination, and prescription medications for the pain. Plaintiff fails to state a claim for deliberate indifference to a serious medical need.

## IV. CONCLUSION

The Court dismisses the Complaint for failure to state a claim under § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed with prejudice under § 1915(e) and 28 U.S.C. § 1915A.

2. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-5), is **GRANTED**.


Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge